IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN BOUCHARD, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>DICK'S SPORTING GOODS, INC., a Delaware Corporation,<br><br>                Defendant. | Docket No.: 15-cv-6300<br><br>Judge Thomas M. Durkin |

**DEFENDANT'S INITIAL STATUS REPORT**

Defendant, Dick's Sporting Goods, Inc., hereby reports as follows[1]:

**1. The Nature of the Case:**

*a. Attorneys for Plaintiff*

Edward A. Wallace
Amy E. Keller
**WEXLER WALLACE LLP**
55 West Monroe, Suite 3300
Chicago, Illinois 60603

Marc S. Hepworth**
Charles Gershbaum**
David A. Roth**
Rebecca S. Predovan**
**HEPWORTH, GERSHBAUM & ROTH, PLLC**
1921 Lexington Ave., Suite 802
New York, New York 10016

Fran L. Rudich*

*b. Attorneys for Defendant*

Efrat R. Schulman
Julie M. Baker
**JONES DAY**
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601

Matthew W. Lampe**
**JONES DAY**
222 East 41st Street
New York, New York 10017

Deborah A. Sudbury**
Craig S. Friedman**
**JONES DAY**
1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309

---

[1] The instant status report reflects Defendant's revisions to the proposed initial status report filed by Plaintiffs. (Docket No. 22.)

Seth R. Lesser*
Michael Reed*  **Admitted Pro hac vice
**KLAFTER OLSEN & LESSER LLP**
Two International Drive, Suite 350
Rye Brook, New York 10580

*Pro hac vice motion to be submitted
**Admitted pro hac vice

b. *Jurisdiction*.

Defendant Dick's Sporting Goods, Inc. ("Defendant" or "Dick's") removed this action from the Circuit Court of Cook County Illinois on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1332(d).

c. *Claims*.

Plaintiff brings this action pursuant the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA") for Defendant's failure to pay overtime wages to Plaintiff and similarly situated assistant store managers. Defendant asserts that it properly paid Plaintiff and all others in accordance with Illinois law. Defendant further denies that there are any common factual issues and denies that Plaintiff can meet his burden to prove that class certification is appropriate in this case.

d. *Relief*.

Plaintiff, on behalf of himself and all others similarly situated, seeks a judgment: (1) holding that the action is a proper class action maintainable under Federal Rule of Civil Procedure 23[2]; (2) certifying Plaintiff as class representative and appointing Plaintiff's counsel as counsel for the class; (3) finding that Defendant's conduct violated Illinois's wage and hour laws;

---

[2] When Plaintiff's lawsuit was originally filed in state court, he sought class certification pursuant to 735 ILCS 5/2-801.

(4) enjoining Defendant from continuing its unlawful practices; (5) awarding Plaintiff and the class economic, actual and compensatory damages, and all such other statutory and common law damages permitted by law, in such amount as may be determined at trial; (6) awarding Plaintiff and the class unpaid wages for all hours worked in excess of 40 in a work week at the rate of time and one-half of the regular rate of pay due under Illinois law; (7) awarding Plaintiff and the class damages equal to 2% of the underpayment per month, calculated from the date of the underpayment, for each month during which wages were unpaid; (8) awarding Plaintiff and the class prejudgment interest, costs and reasonable attorneys' fees for prosecuting this action; and (9) such further relief the Court deems just and proper.

Defendant denies that Plaintiff is entitled to any relief, and further denies that Plaintiff can satisfy his burden to prove that class certification is appropriate in this case.

### 2. Pending Motions and Case Plan

a. *Motions*.

There are no pending motions.

b. *Proposed Discovery Plan*.

    i.    Rule 26(a)(1) disclosures due October 12, 2015;

    ii.    Written discovery to be initiated by October 28, 2015;

    iii.    All fact discovery to be completed by June 28, 2016;

    iv.    Deadline to serve initial expert reports is July 28, 2016;

    v.    Deadline to serve rebuttal expert reports is August 26, 2016

    vi.    Deadline to complete expert discovery, including expert depositions, is September 26, 2016.

    vii.    Deadline to file class certification motion is October 26, 2016 (Defendant shall have 28 days for its response. Plaintiff shall have 14 days for his reply);

3

      viii.     Deadline to file dispositive motions is October 26, 2016 (opposing party shall have 28 days for its response and moving party shall have 14 days for its reply); and

      ix.     Within 14 days after the Court's ruling on the class certification motion and any dispositive motions, the parties will (i) meet and confer to discuss all relevant Rule 26 and Rule 16 issues remaining in the case, including, but not limited, whether additional discovery is needed and, (ii) submit a supplemental Rule 26 joint status report to the Court.

c.    *E-Discovery*.

The parties anticipate discovery of electronically stored information ("ESI") for Defendant's Illinois business operations concerning: whether Plaintiff is similarly situated to other assistant store managers, Defendant's pay practices and Plaintiffs' primary job duties as well as those of all assistant store managers employed by Defendant in Illinois.

Defendant reserves all rights not to provide discovery of ESI from sources it identifies as not reasonably accessible because of undue burden or cost. *See* Fed. R. Civ. P. 26(b)(2)(B).

The parties do not anticipate any electronic discovery disputes and do not consent to assignment to the E-Mediation Panel.

d.    *Jury Trial*.

Plaintiff requested a jury trial and anticipates that the trial of this matter would take approximately two weeks.

### 3. Consent to Proceed Before a Magistrate Judge

The parties do not consent to proceed before a Magistrate Judge.

### 4. Status of Settlement Discussions

The parties attended mediation on September 10, 2015, but did not reach settlement.

Dated: September 28, 2015            Respectfully submitted,

                                         s/Craig S. Friedman

Efrat R. Schulman (IL Bar No. 06280999)
eschulman@jonesday.com
Julie M. Baker (IL Bar No. 6302340)
jmbaker@jonesday.com
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601
Telephone: 312.782.3939
Facsimile: 312.782.8585

Matthew W. Lampe (*pro hac vice*)
mwlampe@JonesDay.com
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: 212.326.3939
Facsimile: 212.755.7306

Deborah A. Sudbury (*pro hac vice*)
dsudbury@jonesday.com
Craig S. Friedman (*pro hac vice*)
csfriedman@jonesday.com
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309
Telephone: 404.581.3939
Facsimile: 404.581.8330

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2015, the foregoing was filed using the Court's CM/ECF system.

Edward A. Wallace
Amy E. Keller
WEXLER WALLACE LLP
55 West Monroe, Suite 3300
Chicago, Illinois 60603
Email: eaw@wexlerwallace.com; aek@wexlerwallace.com

Marc S. Hepworth
Charles Gershbaum
David A. Roth
Rebecca S. Predovan
HEPWORTH, GERSHBAUM & ROTH, PLLC
1921 Lexington Ave., Suite 802
New York, New York 10016
Email: mhepworth@hgrlawyers.com; cgershbaum@hgrlawyers.com; droth@hgrlawyers.com; rpredovan@hgrlawyers.com

Fran L. Rudich
Seth R. Lesser
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10580

             _s/Craig S. Friedman_
             *Attorney for Dick's Sporting Goods, Inc.*